United States District Court
Southern District of Texas
**ENTERED**
July 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SHELLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-976 |
| | § | |
| CORRAL TRAN SINGH, LLP, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER OF REMAND

Pending before the court is plaintiff David Sheller's motion to remand. Dkt. 5. Having considered the motion, response, reply, and the applicable law, the court is of the opinion that the motion should be GRANTED and the case REMANDED to the 127th District Court of Harris County, Texas.

### I. BACKGROUND

This is a malpractice lawsuit against Corral, Tran, and Singh, LLC ("CTS"), Susan Tran, and Bendan Singh ("Defendants") for legal services performed in connection with the New Millennium, Management, LLC ("New Millennium") bankruptcy case. Dkt. 1, Ex. 1. New Millennium filed a voluntary petition under chapter 11 of the bankruptcy code on September 13, 2013. Bankr. Case No. 13-35719, Dkt. 1. New Millennium's primary business was the operation of a commercial business located at 810 Waugh, Houston, Texas. *Id.* at 2. On January 13, 2014, the bankruptcy court approved New Millennium's application to employ Susan Tran and CTS as counsel for legal services in connection with its bankruptcy case. Dkt. 6, Ex. 5 at 1. Sheller was a shareholder of New Millennium and also one of its largest creditors holding an unsecured claim in the amount of $550,000. Dkt. 6 at 6. On February 25, 2014, CTS handled a hearing on a motion to (1) convert the

case to one under chapter 7 or (2) appoint a trustee. *Id*. at 7. The bankruptcy court denied the motion to convert but appointed a chapter 11 trustee to oversee the bankruptcy estate of New Millennium. *Id*. As a result of the bankruptcy court's order placing a trustee in control of New Millennium, CTS's representation of New Millennium terminated on February 28, 2014. *Id*.

Sheller asserts claims for negligence, legal malpractice, and violations of section 17.46 of the Texas Deceptive Trade Practices Act, alleging, *inter alia*, that Defendants failed to properly prepare for hearings, refused to prepare a plan of reorganization, and failed to timely file expert reports and exhibits. Dkt. 1, Ex. 3 at 2–3. Sheller alleges that because of Defendants' mistakes, the bankruptcy court appointed a trustee, who then sold New Millennium's property at an auction for far less than the appraised value, thus causing Sheller to lose equity in New Millennium. Dkt. 5 at 1.

The bankruptcy docket shows that the New Millennium bankruptcy case was dismissed on October 28, 2015. Bankr. Dkt. 283. On April 7, 2016, Sheller filed this action in Harris County. Dkt. 1, Ex. 1. On April 11, 2016, Defendants removed the case to this court. Dkt. 1. On April 28, 2016, Sheller filed a motion to remand. Dkt. 5. On May 27, Defendants filed a response to the motion (Dkt. 6), to which Sheller filed a reply (Dkt. 8). The motion is now ripe for disposition.

## II. LAW & ANALYSIS

Defendants have the burden of showing that subject matter jurisdiction exists in federal court and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Removal raises significant federalism concerns, and the statute is therefore to be strictly construed with any doubt about the propriety of removal resolved in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Defendants removed this case based solely on federal question jurisdiction under 28 U.S.C. § 1334. Dkt. 1 at 1. Section 1334 provides that "[t]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "To determine whether such jurisdiction exists, it is necessary only to determine whether a matter is at least related to the bankruptcy." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (citations omitted). A proceeding is "related to" a bankruptcy if

> the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. More specifically, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankruptcy estate. This test is obviously conjunctive: For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate.

*Id*. at 1022 (citations omitted).

Specifically, Defendants assert that this lawsuit "arises in" bankruptcy, citing cases where courts have found federal jurisdiction over malpractice claims against professionals based on their work for a debtor in bankruptcy. Dkt. 6 at 9 (citing, *e.g.*, Southmark Corp. v. Coopers & Lybrand *(In re Southmark Corp.)*, 163 F.3d 925, 932 (5th Cir. 1999) (finding that the district court had jurisdiction over debtor's malpractice claims against court-appointed accountant for its examiner)).

Sheller contends that remand is appropriate under *Gunn v. Minton,* a malpractice case where the underlying federal issue was patent law. Dkt. 5 at 3 (citing 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013) (holding that the district court did not have jurisdiction over patent malpractice claim)). Defendants respond by arguing that *Gunn* is inapplicable to the bankruptcy jurisdictional statute. Dkt. 6 at 9–11. However, the court need not analyze whether *Gunn* is applicable because this lawsuit

3

was filed several months after the underlying bankruptcy case was dismissed. Therefore, this lawsuit does not arise under, arise in, or relate to a current case under title 11.

Generally, after a bankruptcy case is dismissed or closed, the bankruptcy court does not have subject matter jurisdiction.[1] *See Bass*, 171 F.3d at 1023–25 (reversing a bankruptcy court's finding of subject matter jurisdiction where the plaintiffs filed their lawsuit in Texas *after* the bankruptcy case had already been closed, noting that "[f]rom a purely temporal standpoint, there was no proceeding over which bankruptcy court jurisdiction could be 'retained'"); *Matter of Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) (stating that "as a general rule the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings. . . because the court's jurisdiction over the related proceedings depends upon the nexus between the underlying bankruptcy case and related proceedings"); *In re Parker*, No. 14-80164-G3-13, 2016 WL 3134427, at *2 (Bankr. S.D. Tex. May 26, 2016) (remanding a case to state court based on the court's lack of subject matter jurisdiction where a lawsuit was filed *after* the bankruptcy case "relating to" the lawsuit had already been dismissed, finding that "[t]he bankruptcy court may not hear a new proceeding arising out of a prior proceeding in a closed or dismissed case if it does not have jurisdiction to do so"); *In re Cano*, 410 B.R. 506, 545–46 (Bankr. S.D. Tex. 2009) ("Generally, after a bankruptcy case is closed, a bankruptcy estate no longer exists, and therefore, the bankruptcy court generally will not have subject matter jurisdiction.").

The New Millennium bankruptcy case was dismissed on October 28, 2015. Bankr. Dkt. 283 (order dismissing case). Several months later, on April 7, 2016, Sheller filed this lawsuit in Harris

---

[1] A bankruptcy court's jurisdiction is derivative of the district court's jurisdiction. 28 U.S.C. § 157(a); *In re 7303 Holdings, Inc.*, No. 08-36698, 2010 WL 3420477, at *3 (Bankr. S.D. Tex. Aug. 26, 2010).

County.  Dkt. 1, Ex. 1.  Once the New Millennium bankruptcy case was dismissed, the bankruptcy estate no longer existed.  *See* 11 U.S.C. § 349(b)(3) ("a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.").  Therefore, the outcome of this case cannot impact the administration or handling of a bankruptcy estate.

Defendants cite to *Schultze v. Chandler* to support their claim that "the resolution of the bankruptcy is unimportant" for purposes of determining jurisdiction.  Dkt. 6 at 16 (citing 765 F.3d 945 (9th Cir. 2014)).  However, *Schultze* is easily distinguishable.  In that case, the plaintiff's legal malpractice action was removed to federal court *after* the related bankruptcy case had been reopened.  *Id*. at 947.  Therefore, in *Schultze*, at the time the case was removed to federal court, the related bankruptcy proceeding was ongoing.  In this case, it is undisputed that the underlying bankruptcy case has been dismissed.  Accordingly, this court does not have subject matter jurisdiction over this proceeding.

## III. CONCLUSION

For the foregoing reasons, Sheller's motion to remand (Dkt. 5) is GRANTED and this case is REMANDED to the 127th District Court of Harris County, Texas.

Signed at Houston, Texas on July 28, 2016.

_____
Gray H. Miller
United States District Judge

5